IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. NO. 19-481 (SCC) |
| ANTONIO REYES-VIZCARRANDO, | |
| Defendant. | |

OPINION AND ORDER

A grand jury charged Antonio Reyes-Vizcarrando with conspiracy to commit health care fraud and health care fraud. Docket No. 1. Reyes-Vizcarrando has again moved the Court under Rule 12(b)(3) to dismiss the indictment. Docket No. 44. We deny his motion.

On March 29, 2021, Reyes-Vizcarrando moved the Court to dismiss the indictment on the ground that it is insufficient. Docket No. 32.  The Court denied his motion. Docket No. 33. He has now filed a substantially similar motion, raising almost identical arguments. *See* Docket No. 44. First, because he is reraising issues that this Court has

already decided, his motion should be cast as a motion for reconsideration rather than another one to dismiss the indictment. Motions for reconsideration, however, "are appropriate in only a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). Reyes-Vizcarrando has done none of these things. At most, he has presented new expert testimony opining that he has not violated the law. Docket No. 44, pgs. 1–2. But the merits of his defense are a matter for trial, and this evidence has no impact on the sufficiency of the indictment.

Second, the decision that the indictment is sufficient was not in error. That is because, under Rule 12(b)(3), the allegations in the indictment need only "apprise the defendant[] of the charged offense." *United States v. Brissette*,

919 F.3d 670, 675 (1st Cir. 2019) (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)); *see also United States v. Stewart*, 744 F.3d 17, 21 (1st Cir. 2014) ("At the indictment stage, the government need not 'show,' but merely must allege, the required elements."). Here, the United States has alleged that Reyes-Vizcarrando committed each element of conspiracy to commit health care fraud and health care fraud with enough specificity to apprise him of the charges against him and allow him to prepare his defense. The indictment, thus, is sufficient. Reyes-Vizcarrando's arguments attacking the indictment go the merits of the United States' case against him. Those matters will be resolved at trial.

In sum, the Court **DENIES** Reyes-Vizcarrando's second motion to dismiss the indictment (Docket No. 44).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of February 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE