IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ANTONIO REYES-VIZCARRANDO, Defendant. | CRIM. NO. 19-481 (SCC) |

**OPINION AND ORDER**

The government filed a motion *in limine* to exclude from trial Antonio Reyes-Vizcarrando's experts. Docket No. 54. The Court granted its motion because the experts' proposed testimony that a CMS-855R form is legally required to assign Medicare billing rights and that an oral assignment is unenforceable impinges on our role to instruct the jury on the applicable law. Docket No. 65. But we informed Reyes-Vizcarrando that we might reconsider our decision if he provides us with other grounds for admitting the testimony. He has filed a motion for reconsideration, raising the same grounds as before. Docket No. 70. Seeing no reason to disturb our earlier ruling, we deny his motion.

We recount only the most pertinent details. The parties disagree about whether billing rights can be orally assigned. The government says that they can be and that Reyes-Vizcarrando assigned his through an oral agreement. Reyes-Vizcarrando disagrees, arguing that he needed to fill out a CMS-855R form to assign them. Because he did not fill one out, his argument goes, his employer or the hospital—but not he—illegally billed. The government responds that an 855R form is only required for Medicare Part B, not Part C, which is the Medicare part at issue here.

In response to the government's motion to exclude his experts, Reyes-Vizcarrando stated that his experts intend to testify that a physician must fill out an 855R form to assign his billing rights under Medicare Part C and that an oral assignment is unenforceable. Docket No. 59, pg. 7 (stating "the Government's new position that an enforceable oral contract existed and that an 855 is not required is rejected by . . . Defense experts"); *id.* at 9 ("[A]s both Dr. Reyes' experts have opined, the 855R Form was required for an entity to bill

for Part C services using Dr. Reyes' billing privileges."). He softens his position in his motion for reconsideration, saying that his experts will testify "if it's common in the industry that for a physician's billing rights to be assigned under Medicare Part C, the physician must have signed a CMS 855R form or assigned his privileges to a third party through a written agreement." Docket No. 70, pg. 7. Anticipating this argument, we said in our earlier opinion and order, "Even if Reyes-Vizcarrando wanted to admit the testimony concerning the 855R form to prove that it is *generally used* in the industry, he has not explained why that is relevant and fits the facts of a case where the parties agree that an 855R form was *not used*." Docket No. 65, pgs. 7–8. We also said that even if we agreed that this testimony would be helpful to the jury under Federal Rule of Evidence 702, we would exclude it under Rule 403 on the grounds that it would confuse the issues and mislead the jury. *Id.* at 9. Reyes-Vizcarrando, as the proponent of this evidence, "bears the burden of demonstrating its admissibility," *United States v. Tetioukhine*, 725 F.3d 1, 6 (1st

Cir. 2013), yet he has still not explained why this evidence is relevant and fits the facts of this case under Rule 702 nor how we erred by excluding this evidence under Rule 403 as well. *Cf. United States v. Ramírez-Rivera*, 241 F.3d 37, 40 (1st Cir. 2001) ("Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out his arguments squarely and distinctly, or else forever hold his peace." (quoting *United States v. Falu-González*, 205 F.3d 436, 440 (1st Cir. 2000))). In short, he has given us no reason to disturb our earlier ruling.

In any event, the experts' reports make clear that the purpose of their testimony is to convince the jury that an oral assignment of billings rights is unenforceable. The Weiss report, for example, states, "[T]his point is critical, without the provider filling out . . . a CMS-855R form, . . . the provider would be entitled to bill for his services and retain reimbursement(s), [and] the 'employer or hospital he is contracted to' would have no claim to the reimbursement(s) of any claims nor would they have the right to file claims on

behalf of the provider." Docket No. 38-2, pg. 10. Thus, he says, "the error made in this case was on the part of the 'employer and/or hospital' and not Dr. Reyes," *id.* at 11, and "the FBI Agent [who said that] a CMS-855R form was not required for reassignment of [Medicare Part C] benefits . . . was wrong in totality." *Id.* at 21. And the Zetter report states, "For an employer to be legally allowed to bill for services to Medicare rendered by an employed or contracted provider, the employer must obtain a completed CMS-855R form." Docket No. 44-1, pg. 7; *id.* at 8 ("If neither a paper CMS-855R form or PECOS 855R were submitted . . . , then the employer has no right to submit claims for services rendered by the employed provider . . . ."). Zetter concludes, "If there is no record of a CMS-855R form . . . , then the employer has no legal right to file claims or receive remuneration." *Id.* at 10.

Reyes-Vizcarrando, moreover, has consistently wielded these reports to argue that the 855R form is a legal requirement to assign billing rights and that because he did not sign one, he cannot be criminally liable. Docket No. 32, pg.

7 ("The indictment fails to address the main issue . . . whether Dr. Reyes legally assigned his billing privileges to the Company or Menonita. . . . [W]ithout Dr. Reyes executing the 855R Form to formally and legally assign his Medicare billing privileges to the Company or Menonita, *both organizations illegally billed* for the emergency medical services rendered by Dr. Reyes.") (emphasis added); Docket No. 44, pgs. 9–10 ("As stated by Defendant experts, Mr. Weiss, and Mr. Zetter, without Dr. Reyes executing the 855R Form to assign his Medicare billing privileges formally and legally to the Company or Menonita, *both organizations illegally billed* for the emergency medical services rendered by Dr. Reyes during the time frame charged and Mr. Reyes *cannot be held criminally liable* for the actions conducted by the Company and/or Menonita . . . .") (emphasis added); Docket No. 59, pg. 2 ("Dr. Reyes will call two (2) well-credentialed expert witnesses who will testify that the Government's theory"—"the reassignment of Medicare claims under part C can be conducted pursuant to an 'oral agreement'"— "is false."). For

the reasons in our earlier opinion and order, we cannot allow experts to define the law that applies to this case nor permit the jury to be confused and misled by the legal standards it would hear from them under the guise of evidence. Because he has raised the same grounds to admit this expert testimony without explaining why it is relevant and fits the facts of this case under Rule 702 and why we were wrong to exclude it as well under Rule 403, reconsideration is not appropriate here. *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("[M]otions for reconsideration are appropriate only . . . if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.").

In sum, the Court **DENIES** Reyes-Vizcarrando's motion to reconsider our opinion and order excluding his experts' testimony (Docket No. 70). But he is not precluded from defending himself by arguing that the CMS-855R form is a legal requirement to assign billing rights. He may submit

to the Court a legal memorandum and proposed jury instructions in support of his position. We recommend that he file his memorandum and proposed instructions sooner rather than later so that the government has time to respond, we have time to rule, and he has time to adjust his trial strategy accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of May 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE